(119 App. Div. 609)

PAOLICCHI v. AMERICAN TELEPHONE & TELEGRAPH CO.

(Supreme Court, Appellate Division, Fourth Department.   May 1, 1907.)

TRUSTS—WILLS—TESTAMENTARY TRUSTS—CONSIDERATION.

    Testator appointed trustees, and devised to them certain of his property in trust to sell and pay over the proceeds to his wife and other persons named.   Subsequently one trustee executed a writing whereby he granted to defendant the right to construct and maintain its lines "over the property which the heirs owned or in which they have any interest." Both trustees thereafter conveyed the land to one under whom plaintiff claimed.   *Held* that, the will only authorizing a sale of testator's land, whether the trustees took the land conveyed to them as individuals or as trustees, they gave good title to plaintiff's grantor, and, the heirs not owning the land, the grant to defendant conveyed no interest in the land.

Appeal from Trial Term, Chautauqua County.

Action by Torquato Paolicchi against the American Telephone & Telegraph Company.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Warner & Farnham, for appellant.

Thomas H. Larkins, for respondent.

WILLIAMS, J.   The judgment should be affirmed, with costs.

The action was to recover the possession of real property, usually known as an "action in ejectment."   Lawrence Oliphant died in England in December, 1888.   He left a will by which he appointed two trustees, Buckner and Smith, and devised to them all his property at Brocton, Chautauqua county, N. Y., upon trust to sell and convert the same into money and pay over the proceeds to his wife and other persons named.   Smith, one of the trustees, lived in Haifa, Syria, and in January, 1889, he, by writing, duly recorded in Chautauqua county, appointed Owen, of Chicago, Ill., his attorney in fact, and attempted to delegate to him his powers and duties as such trustee under the Oliphant will.   Thereafter, and in September, 1889, one Barlow and wife conveyed to said Buckner and Owen as trustees, upwards of 500 acres of land in and around Brocton, including the parcel of land in question.   In August, 1890, Buckner alone, as trustee, delivered to the defendant a writing whereby, for a valuable consideration, he granted the right and authority to construct and maintain its lines, including necessary poles, etc., over the Oliphant property, and im-

mediately thereafter defendant constructed its line and erected its poles over this parcel of land, and has since that time continuously maintained the same. In January, 1891, Buckner, trustee, and Owen, attorney for Smith, trustee, made a conveyance of the tract in question to one Hall. In October, 1899, Hall conveyed to Mrs. Hehir, and, she having died, in June, 1905, her only heir conveyed to the plaintiff, who has since occupied the tract in question under that conveyance. When plaintiff took his conveyance, he had knowledge of the occupation of the premises by the defendant. The plaintiff must, of course, succeed, if at all, on the strength of his own title, and not the weakness of defendant's grant. The trial court decided that plaintiff by his °deed acquired a good title to the tract of land, and, having such title, that the defendant could not hold against him under the grant from Buckner alone, because such grant was void, the at-torney, Owen, not having joined therein, and it did not in terms cover this tract of land, and ordered judgment for plaintiff.

The facts are not in dispute. Only questions of law are involved. It must be conceded that the Oliphant will did not authorize any pur-chase of real estate by the trustees. They were only to dispose of such as the testator left at his death, and to pay over to the wife and others the proceeds thereof. When, therefore, Buckner and Owen pur-chased the tract of land in question and took the conveyance thereof, they took title as individuals only, although they were named in the conveyance "as trustees." Whatever funds of the estate were used by them in paying the purchase price of the property were improperly so used, and they were under a legal liability to account therefor to the cestuis que trust. The latter might, especially if they could not otherwise secure these funds, follow the same into the real estate and claim an equitable title thereto, to reimburse themselves; but no such claim was made or proceeding had. It would seem, therefore, that Buckner and Owen had good title to the lands and gave good title to their grantee as such, though they described themselves in their con-veyance as trustees, and Owen, also, as attorney in fact of the trus-tee, Smith. The trial court adopted this view of the situation, and ac-cordingly held, very properly, that the plaintiff was the owner of the tract of land in question. The grant to defendant describes no par-ticular property by metes and bounds; the language used being "over the property which the heirs own or in which they have any interest." If this parcel of land in question belonged to Buckner and Owen as individuals, as we have determined it did, then it was not covered by this grant; and, if it belonged to them as trustees, it is equally true that the heirs of the Oliphant estate were not the owners and had no interest in it. The title was in the trustees, and the widow and others named in the will were only interested in the purchase thereof when sold. Moreover, the trustees had no power to lease or license, but only to sell; and, if it was trust property, the grant by only one of such trustees would be invalid. The trial court we think very prop-erly held that this grant conveyed no right, title, or interest in the tract of land in question to the defendant.

Judgment affirmed, with costs. All concur.